# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **DEE L. ORMAN SAUNDERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO. 5:10-01416** |
| ) | |
| **JOEL ZIEGLER, Warden,** ) | |
| ) | |
| **Defendant.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On December 28, 2010, Plaintiff, acting *pro se* and formerly incarcerated at FCI Beckley in Beckley, West Virginia, filed a his letter-form Complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1] (Document No. 1.) In his Complaint, Plaintiff alleges prison staff are opening his "legal and special mail" in violation of BOP policy and the Constitution. (Id.) Plaintiff states that he "received a private document involving an investigation ordered by the Office of the Inspector of the United States, dated December 7th, which falls under the court's interpretation of 'special mail.'" (Id., p. 1.) Plaintiff argues that "special mail is to be opened only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as special mail." (Id., p. 2.) Plaintiff alleges that the above mail was improperly "opened by the staff, and on information and belief, copied and read." (Id.) Plaintiff further contends that he requested "a file-stamped copy" of a document from this

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Court, and prison staff opened his mail despite notation of "court mail"[2] on the envelope. (Id., pp. 3 - 4.) As relief, Plaintiff requests that the Court "order FCI/FPC Beckley to follow the law and regulations regarding its mail policies," "monitor compliance," and "charge any violators in management or staff to the full extent of the law for the criminal activity found with regard to these violations of mail handling."[3] (Id., p. 9.)

On January 19, 2011, Plaintiff filed an Amended Complaint. (Document No. 4.) In his Amended Complaint, Plaintiff states as follows: "Court mail and special mail is opened outside of inmate presence in violation of 28 C.F.R. section 541.12, in spite of multiple requests for them not to do so, endangering me in the particular instance and in violation of my constitutional rights in others. Please refer to filing already made for particulars." (Id., p. 4.) As relief, Plaintiff requests the following: (1) "Order institution to comply with 28 C.F.R. section 541.12 and open any mail from any court or government in presence of inmate;" (2) "Seek independent counsel to investigate the on-going criminal mail tampering scheme at FCI/FPC Beckley;" and (3) "Order institution to pay $1,000

---

[2] The Court notes that the Clerk sent the "file-stamped copy" to Plaintiff in an envelope that was provided by Plaintiff. The envelope provided by Plaintiff was pre-addressed to Plaintiff, had the "court mail" typed on the envelope, and was stamped.

[3] It is well established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). Thus, Plaintiff has no right to initiate criminal proceedings against the prison staff. *Young v. Herald*, 2005 WL 1048117, * 8 (E.D.Ky.)(stating that the authority to initiate criminal complaints rests exclusively with state and federal prosecutors); *Kennedy v. Anderson*, 373 F.Supp 1345, 1346 (E.D.Okl. 1974)(stating that any charge brought under 18 U.S.C. § 242 "may only be initiated by a federal grand jury or a United States Attorney"); and *Dixon v. State of Maryland*, 261 F. Supp. 746 (D.Md. 1966)(Prisoner could not institute criminal proceedings against a State or its officers for violation of his rights under the color of law). Furthermore, the Court does not have the authority to direct that an individual be prosecuted. *See United States v. Batchelder*, 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979)(stating that the decision whether to prosecute and what charges to file rest in the prosecutor's discretion); *Inmates of Attica Correctional Facility v. Rockefeller*, 447 F.2d 375 (2nd Cir. 1973)(finding that the authority to investigate and initiate criminal complaints rest exclusively with the United States Attorney).

for each infraction of mail policy which can be proven, and punitives deemed appropriate by the court." (Id., p. 5.)

By Order entered on November 4, 2013, the undersigned determined that an updated Application to Proceed *in Forma Pauperis* was required based upon Plaintiff's release from custody. (Document No. 10.); See DeBlasio v. Gilmore, 315 F.3d 396 (4th Cir. 2003). The undersigned ordered that "Plaintiff shall either pay the $350 filing fee ($350) and administrative fee ($50) totaling $400 or file an updated Application to Proceed *in Forma Pauperis* by Friday, November 15, 2013." (Id.) The undersigned further notified Plaintiff as follows:

> Failure of the Plaintiff to either pay the filing and administrative fee totaling $400 or file an updated Application to Proceed *in Forma Pauperis* by November 15, 2013, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia.

(Id.) Plaintiff has not responded to the Court's Order that was entered nearly three weeks ago. Accordingly, the undersigned has determined that Plaintiff has failed to take any steps to prosecute this action, and therefore, Plaintiff's Complaint in this case should be dismissed.

## **ANALYSIS**

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia, District Courts possess the inherent power to dismiss an action for a *pro se* Plaintiff's failure to prosecute *sua sponte*.[4] See Link

---

[4] Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

v. Wabash Railroad Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962).

Rule 41.1 of the Local Rules provides:

**Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

Although the propriety of a dismissal "depends on the particular circumstances of the case," in determining whether to dismiss a case involuntarily for want of prosecution, the District Court should consider the following four factors:

(i) the degree of personal responsibility of the plaintiff;
(ii) the amount of prejudice caused the defendant,
(iii) the existence of a history of deliberately proceeding in a dilatory fashion, and
(iv) the existence of a sanction less drastic than dismissal.

Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). In consideration of the first factor, the Court finds that the delays in this case are attributable solely to the Plaintiff as the Defendant has not been required to make an appearance in this action.[5] Pursuant to 28 U.S.C. § 1915, federal courts may authorize the commencement of an inmate's civil action *in forma pauperis* upon the inmate's filing an Application to so proceed, together with an Affidavit stating the nature of the action and Plaintiff's belief that he is entitled to redress. 28 U.S.C. §§ 1915(a)(1) and (2)(2002). "Section 1915 is intended to allow qualified litigants to proceed without having to advance the fees and costs associated with

---

[5] The Bureau of Prisons' Inmate Locator indicates that Plaintiff was released from custody on August 24, 2011. The undersigned notes that it is Plaintiff's responsibility to provide the Court with a notice of change of address. *See* Rule 83.5 of the Local Rules of Civil Procedure("A *pro se* party must advise the clerk promptly of any changes in name, address, and telephone number.")

litigation." DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003). Plaintiff has not responded to the Court's Order directing him either to pay the requisite $400.00 filing and administrative fee in full or to file an updated Application to Proceed *in Forma Pauperis*. (Document No. 10.) Plaintiff, therefore, is the sole cause of the delays in this action. With respect to the second factor, the record is void of evidence indicating the Defendant has been prejudiced by the delays in this case. Concerning the third factor, there is some evidence that Plaintiff has a history of "deliberately proceeding in a dilatory fashion" because Plaintiff had a prior action dismissed for failure to prosecute. See Saunders v. Grimes, Civil Action 5:10-1060.

In consideration of the fourth factor, the Court acknowledges that a dismissal under either Rule 41(b) or Local Rule 41.1 is a severe sanction against Plaintiff that should not be invoked lightly. The particular circumstances of this case, however, do not warrant a lesser sanction. An assessment of fines, costs, or damages against Plaintiff would be futile in view of Plaintiff's failure to pay the filing fee. Moreover, explicit warnings of dismissal would be ineffective in view of Plaintiff's failure to respond to the undersigned's Order entered approximately three weeks ago advising Plaintiff that the undersigned would recommend dismissal if Plaintiff failed to complete and file the above forms (Document No. 10.). In consideration of all factors, the undersigned concludes that dismissal for failure to prosecute is warranted. Accordingly, the undersigned recommends that this action be dismissed without prejudice unless Plaintiff is able to show good cause for his failure to prosecute.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 5.), **DISMISS** Plaintiff's

Complaint (Document Nos. 1 and 4.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: November 22, 2013.

R. Clarke VanDervort
United States Magistrate Judge